﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190329-7835
DATE: July 30, 2019

ORDER

The Board having determined that new and relevant evidence has not been received, readjudication of the claim of entitlement to service connection for difficulty swallowing is not required.

The Board having determined that new and relevant evidence has not been received, readjudication of the claim of entitlement to service connection for difficulty breathing is not required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for hepatitis C is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for bilateral hearing loss disability is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for tinnitus is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for difficulty sleeping is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for diabetes is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for peripheral neuropathy of the right lower extremity (RLE) is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for peripheral neuropathy of the left lower extremity (LLE) is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for peripheral neuropathy of the right upper extremity (RUE) is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for peripheral neuropathy of the left upper extremity (LUE) is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for erectile dysfunction is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for diabetic retinopathy is required.

The Board having determined that new and relevant evidence has been received, readjudication of the claim of entitlement to service connection for special monthly compensation for loss of use of a creative organ (SMC K) is required.

Entitlement to service connection for hepatitis C is denied.

Entitlement to service connection for diabetes is denied.

Entitlement to service connection for peripheral neuropathy of the RLE is denied.

Entitlement to service connection for peripheral neuropathy of the LLE is denied.

Entitlement to service connection for peripheral neuropathy of the RUE is denied.

Entitlement to service connection for peripheral neuropathy of the LUE is denied.

Entitlement to service connection for erectile dysfunction is denied. 

Entitlement to service connection for diabetic retinopathy is denied.

Entitlement to service connection for bilateral hearing loss disability is granted.

Entitlement to service connection for tinnitus is granted.

Entitlement to SMC K is denied.

REMANDED

Entitlement to service connection for difficulty sleeping is remanded.

FINDINGS OF FACT

1. An unappealed March 2009 rating decision denied service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, difficulty breathing, difficulty swallowing, and sleep problems; and entitlement to SMC. 

2. The evidence associated with the claims file subsequent to the March 2009 rating decision does not tend to prove or disprove a matter in issue with regards to the claims of entitlement to service connection for difficulty breathing, and difficulty swallowing.

3. The evidence associated with the claims file subsequent to the March 2009 rating decision tends to prove or disprove a matter in issue with regards to the claims of entitlement to service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, and sleep problems; and entitlement to SMC.

4. The Veteran’s hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy are not etiologically related to his active service.

5. The Veteran’s bilateral hearing loss disability and tinnitus are etiologically related to acoustic trauma sustained during active service. 

6. Service connection is not in effect for the anatomical loss or loss of use of one hand, one foot, both buttocks, one or more creative organs, blindness of one eye having only light perception, deafness of both ears, having absence of air and bone conduction, complete organic aphonia with constant inability to communicate by speech or, in the case of a woman veteran, the anatomical loss of 25 percent or more of tissue from a single breast or both breasts in combination (including loss by mastectomy or partial mastectomy) or has received radiation treatment of breast tissue.

CONCLUSIONS OF LAW

1. New and relevant evidence has not been received and readjudication of the claims of entitlement to service connection for difficulty swallowing and difficulty breathing is not required. 38 U.S.C. § 5108 (2012); 38 C.F.R. §3.156 (a) (2017); Pub. L. No. 115-55 § 2(a) (Aug. 23, 2017).

2. New and relevant evidence has been received and readjudication of the claims of entitlement to service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, and sleep problems; and entitlement to SMC K is required. 38 U.S.C. § 5108 (2012); 38 C.F.R. §3.156 (a) (2017); Pub. L. No. 115-55 § 2(a) (Aug. 23, 2017).

3. The criteria for service connection for hepatitis C have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018). 

4. The criteria for service connection for diabetes have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018). 

5. The criteria for service connection for peripheral neuropathy of the RLE have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018). 

6. The criteria for service connection for peripheral neuropathy of the LLE have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018). 

7. The criteria for service connection for peripheral neuropathy of the RUE have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018). 

8. The criteria for service connection for peripheral neuropathy of the LUE have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018). 

9. The criteria for service connection for erectile dysfunction have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018). 

10. The criteria for service connection for diabetic retinopathy have not been met. 38 U.S.C. §§ 1101, 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2018). 

11. The criteria for service connection for bilateral hearing loss disability have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2018).

12. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2018).

13. The criteria for entitlement to SMC K have not been met. 38 U.S.C. § 1114 (2012); 38 C.F.R. § 3.350 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran had active air service from February 1965 to October 1968. The Veteran selected the Supplemental Claim lane when he submitted his RAMP election form in December 2010. Accordingly, the March 2019 RAMP rating decision considered the evidence of record as of 30 days after the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

Claims to Readjudicate 

The Veteran is seeking service connection for the previously-denied claims of entitlement to service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, difficulty breathing, difficulty swallowing, and sleep problems; and entitlement to SMC K. Based on the additional evidence added to the record since the previous final denial of the Veteran’s claims for entitlement to service connection and entitlement to SMC K, the Board finds that new and relevant evidence has not been added to the record with respect to the claims of entitlement to service connection for difficulty breathing and difficulty swallowing; and has been added to the record with respect to the claims of entitlement to service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, and sleep problems; and entitlement to SMC K.

The Veteran’s claims of entitlement to service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, difficulty breathing, difficulty swallowing, and sleep problems; and entitlement to SMC K were originally denied in a March 2009 rating decision. A review of that rating decision reveals that at the time, VA declined to grant service connection for diabetes based on a finding that the Veteran did not have any foreign service, to include service in the Republic of Vietnam; declined to grant service connection for hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, difficulty breathing, difficulty swallowing, and sleep problems based on findings that there were no current diagnoses of record; and denied entitlement to SMC K based on a finding that there was no diagnosis of erectile dysfunction. The Veteran did not submit a notice of disagreement with the adverse decision. Additionally, new and material evidence pertaining to the issues was not received by VA or constructively in its possession within one year of written notice to the Veteran of the March 2009 rating decision. Therefore, that decision became final.

In May 2017, the Veteran filed a new claim for service connection for diabetes as due to Agent Orange exposure, neuropathy of the upper and lower extremities secondary to diabetes, erectile dysfunction secondary to diabetes, SMC K, retinopathy secondary to diabetes, bilateral hearing loss disability, tinnitus, sleeping problems, difficulty breathing, difficulty swallowing, and hepatitis C. His claims were denied in a September 2017 rating decision. VA concluded that the evidence submitted was not new and material and VA did not deem the evidence sufficient to reopen the claim. He submitted a timely notice of disagreement with the September 2017 rating decision.

Since the last final decision in March 2009, the Veteran has submitted: VA treatment records indicating he takes medication for peripheral neuropathy; June 2017 and February 2019 private medical opinions indicating he had a probable exposure to Agent Orange; VA treatment records indicating he has a diagnoses of sleep apnea, hepatitis C, and complaints of sleep disturbances due to pain; an October 2018 statement indicating he had exposure to herbicides when working on planes returning from Vietnam; a February 2019 VA audiology evaluation report indicating the Veteran had current diagnoses of bilateral hearing loss disability for VA purposes and tinnitus; and VA treatment records indicating current diagnoses of erectile dysfunction and diabetes. 

The Board concludes that the evidence submitted by the Veteran tend to prove that the Veteran has diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, and sleep problems that may be etiologically related to his active service. The evidence directly addressed the critical element of current diagnoses that is in contention. 

However, the Board has determined that the submitted evidence does not tend to prove that the Veteran has current diagnoses of disabilities manifested by difficulty swallowing and difficulty breathing. Even after the medical evidence is considered, the Veteran still does not have current disabilities with respect to his claims for difficulty swallowing and difficulty breathing. Specifically, the Board notes that VA treatment records indicate the Veteran denied difficulty swallowing and difficulty breathing, and also denied shortness of breath. Therefore, the evidence does not tend to prove those two claims. 

Accordingly, the Board finds that new and relevant evidence has been presented with respect to the Veteran’s claims of service connection for diabetes, hepatitis C, bilateral hearing loss disability, tinnitus, neuropathy of the bilateral upper and lower extremities, diabetic retinopathy, erectile dysfunction, and sleep problems; and entitlement to SMC K; and new and relevant evidence has not been presented with respect to the Veteran’s claims of service connection for difficulty swallowing and difficulty breathing. 

Service Connection – Hepatitis C, Diabetes, Peripheral Neuropathy RLE, Peripheral Neuropathy LLE, Peripheral Neuropathy RUE, Peripheral Neuropathy LUE, Erectile Dysfunction, and Diabetic Retinopathy

The Veteran asserts that he has hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy that is etiologically related to his active service, or in the alternative, that are secondary to a service-connected disability. In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that service connection is not warranted for hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, or diabetic retinopathy.

With regard to the Veteran’s claims of herbicide exposure during service, of record is a September 2017 VA Memorandum noting that efforts to verify the Veteran’s reported exposure to herbicides were attempted, and exposure could not be verified. Additionally, there is no indication from the record that the Veteran served in the Republic of Vietnam from February 1961 to May 1975. Further, there is no indication from the record that the Veteran was stationed in Thailand, Korea, or at any of the locations identified by the Department of Defense as a location where tactical herbicides were used or stored. As such, the Board cannot concede that the Veteran was exposed to herbicides while in active service and service connection cannot be presumed based on such exposure. 3.309(e) (2018). 

In making that determination, the Board acknowledges the June 2017 private medical opinion of record indicating that the Veteran has diabetes as a result of exposure to Agent Orange. However, the Board finds the June 2017 private medical opinion inadequate to decide the claims. In this regard, a private medical examiner is not competent to make a determination that the Veteran was exposed to herbicides while in active service. As such, the June 2017 private medical opinion is of no probative value. 

The Veteran’s STRs are unremarkable for any complaints, treatment, or diagnoses related to hepatitis C, diabetes, peripheral neuropathy, erectile dysfunction, or diabetic retinopathy. 

Post-service evidence of record indicates the Veteran was diagnosed with hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy. An opinion as to the nature and etiology of the Veteran’s disabilities were not provided. 

The Board acknowledges that a VA medical examination or medical opinion has not been obtained in response to the claims of entitlement to service connection for hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy. VA is obliged to provide a VA examination or obtain a medical opinion when: (1) there is competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability), (2) there is evidence establishing that the Veteran suffered an event, injury or disease in service or has a disease or symptoms of a disease within a specified presumptive period, (3) the evidence indicates that the current disability or symptoms may be associated with service or with another service-connected disability, and (4) there is not sufficient medical evidence to make a decision. 38 C.F.R. § 3.159 (c)(4) (2016); Charles v. Principi, 16 Vet. App. 370 (2002).

In this case, there is no competent evidence of record indicating that the Veteran’s hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy is related to active service. Therefore, the Board finds that no VA examination or medical opinion is warranted. 

While laypersons are competent to report the presence of observable symptoms, the Veteran is not competent to provide an opinion regarding the etiology of hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy. A medical opinion of that nature requires medical testing and expertise that is outside the common knowledge of a layperson. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, the Veteran is not competent to provide an opinion with regard to this claim.

Further, there is no indication from the record that hepatitis C, diabetes, or peripheral neuropathy were manifest to a compensable degree within a year of the Veteran’s separation from service. As such, presumptive service connection for a chronic disability is not warranted. 38 C.F.R. § 3.309(a) (2018).

Additionally, the Veteran has claimed that he has peripheral neuropathy, diabetic retinopathy, and erectile dysfunction as a result of his diabetes. However, service connected is not in effect for diabetes. As such, secondary service connection for peripheral neuropathy, diabetic retinopathy, and erectile dysfunction is not warranted. 38 C.F.R. § 3.310 (2018). 

Accordingly, the Board finds that the preponderance of the evidence is against the claims and entitlement to service connection for hepatitis C, diabetes, peripheral neuropathy RLE, peripheral neuropathy LLE, peripheral neuropathy RUE, peripheral neuropathy LUE, erectile dysfunction, and diabetic retinopathy is not warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Service Connection – Bilateral Hearing Loss Disability and Tinnitus 

The Veteran has asserted that he has bilateral hearing loss disability and tinnitus as a result of acoustic trauma sustained in active service. Specifically, the Veteran has claimed hazardous noise exposure in the form of aircraft noise while working on flight lights, and weapon noise at the shooting range. Moreover, the Veteran reports the onset of decreased hearing acuity and tinnitus during service and since. 

A review of the Veteran’s service records shows that his military occupational specialty (MOS) during active duty included receiving and shipping foreman. The Board finds that the Veteran’s reported noise exposure is consistent with the facts and circumstances of his service. Therefore, the Board concedes that the Veteran sustained acoustic trauma during active service. 

Service treatment records (STRs) are silent for complaints of, treatment for, or a diagnosis of bilateral hearing loss disability for VA purposes or tinnitus while the Veteran was in active service. However, the Veteran has reported that he first experienced decreased hearing acuity and tinnitus while in active service and that his symptoms have continued since that time. The Veteran is competent to report when he first experienced symptoms of hearing loss disability and tinnitus and that his symptoms have continued since service. Moreover, the Board finds the Veteran to be credible in that respect. Heuer v. Brown, 7 Vet. App. 379 (1995); Falzone v. Brown, 8 Vet. App. 398 (1995); Caldwell v. Derwinski, 1 Vet. App. 466 (1991). 

In February 2019, the Veteran was afforded a VA audiology evaluation. The Veteran reported the above described noise exposure during active service. At that time, audiogram results at that time showed the Veteran to have tinnitus and bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385 (2018). The examiner opined that the Veteran’s bilateral hearing loss disability and tinnitus was less likely than not as a result of his active service. In that regard, the Veteran’s MOS was noted to have a low probability of hazardous noise exposure, the Veteran was not deployed during active service, and there were no complaints of hearing loss prior to 2009, and no complaints of tinnitus at a 2011 VA audiological evaluation. 

The Board finds the February 2019 VA audiology opinion to be inadequate for adjudication purposes. In this regard, the examiner did not adequately provide supporting rationale for the opinions provided, nor give appropriate consideration to the Veteran’s lay statements regarding the onset and continuity of his symptoms. As the opinions are not adequate, they cannot serve as the basis of a denial of entitlement to service connection. 

Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. In fact, competent medical evidence is not necessarily required when the determinative issue involves either medical etiology or a medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Here, as noted above, the Veteran is competent to identify decreased hearing acuity and tinnitus, and his statements have been found credible. 

In sum, the Board concedes that the Veteran sustained acoustic trauma in active service. The Veteran has competently and credibly reported decreased hearing acuity and tinnitus in service and since. The Veteran has current diagnoses of bilateral hearing loss disability for VA purposes and tinnitus. There is no competent VA medical opinion of record against the claims. 

Accordingly, the Board finds that the evidence is for the claims and therefore entitlement to service connection for bilateral hearing loss disability and tinnitus is warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Entitlement to SMC

SMC is authorized in particular circumstances in addition to compensation for service-connected disabilities. See 38 U.S.C § 1114(k); 38 C.F.R. § 3.350. Entitlement to SMC benefits requires that any condition described be due to a service-connected disability. Here, as the Veteran is not service-connected for any disability related to the anatomical loss or loss of use of one hand, one foot, both buttocks, one or more creative organs, blindness of one eye having only light perception, deafness of both ears, having absence of air and bone conduction, or complete organic aphonia with constant inability to communicate by speech, there is no legal basis for entitlement to SMC. Therefore, the SMC claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

REASONS FOR REMAND

Service Connection – Difficulty Sleeping

The Board notes that the Veteran has consistently asserted that he has difficulty sleeping as a result of his active service. In that regard, he stated that he has difficulty sleeping as due to pain caused by service-connected disabilities. The Board notes that the Veteran currently has service connection in effect for radiculopathy of all his bilateral lower extremities, a low back disability, and hypertension. Further, a September 2017 VA treatment record indicates that the Veteran has sleep disturbance and/or sleep difficulty as a result of pain. A review of the record shows that a medical opinion was not obtained regarding the Veteran’s claimed sleep disturbance. In light of the Veteran’s statements and the evidence of record, the Board concludes that the Veteran should be afforded a VA examination to determine the nature and etiology of any currently present difficulty sleeping. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination by an examiner with sufficient expertise to determine the nature and etiology of the Veteran’s difficulty sleeping. The examiner should review the claims file and indicate that review in the report. Any indicated studies should be performed. 

Based upon the examination results and a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any difficulty sleeping is etiologically related to service.

The rationale for all opinions expressed must be provided.

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Mariah N. Sim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.